**[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 01-2568

UNITED STATES,

Appellee,

v.

JOHN SCHOMAKER,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

John Schomaker on brief pro se.
Thomas P. Colantuono, United States Attorney, and Peter E. Papps, First Assistant U.S. Attorney, on brief for appellee.

---

July 26, 2002

---

**Per Curiam**.  Petitioner appeals from the district court's denial of his application for a writ of coram nobis pursuant to 28 U.S.C. § 1651.  The judgment will be affirmed.

The district court correctly determined that petitioner was ineligible for coram nobis relief.  Because petitioner is in federal custody and contests the validity of his sentence, 28 U.S.C. § 2255 provides the exclusive avenue for seeking relief.  See Pennsylvania Bur. of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001); United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000).

This is not merely a formal distinction.  As petitioner has already filed four previous § 2255 motions, all of which were rejected, he would be required to satisfy the rigid gatekeeping provisions applicable to successive § 2255 motions in order to have the merits of his claims considered.  One of those provisions requires petitioner to request leave of this court to file a successive petition.  28 U.S.C. § 2255 (¶ 8); see Jamison v. United States, 244 F.3d 44, 45-46 (1st Cir. 2001).  We have not granted such leave, nor would we since petitioner's claims involve neither newly discovered evidence nor a new rule of constitutional law.  See 28 U.S.C. §§ 2244 & 2255.  Accordingly, the judgment is affirmed.